IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| DESMUND LAMAR COLEMAN, PRO SE, | § | |
| TDCJ-CID No. 1264623, | § | |
| Previous TDCJ-CID No. 1087195, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:12-CV-0223 |
| | § | |
| NEBIYU TESFAW, CO III, | § | |
| LISA SWINT, Lt., | § | |
| CHAD PERRY, Sgt., | § | |
| MICHAEL PARMER, Warden, and | § | |
| DUSTIN ANDERSON, Sgt., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff DESMUND LAMAR COLEMAN, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed pursuant to Title 28, United States Code, section 1915.

By his October 29, 2012 Amended Complaint and his November 16, 2012 Questionnaire Response, plaintiff complains that, on May 25, 2012, he was pulled out of his cell, placed in a holding cell, kept there from midnight until 5:00 p.m., and denied food, mail and a shower during that period. Plaintiff claims the defendants stole all of his personal property and lied to him, saying the gang intelligence officer told them to and, later, that the disciplinary captain told them to.

Despite plaintiff's claim in his Statement of Facts that "the defendants" stole his property, when required to state each act or omission for each defendant, plaintiff states defendants TESFAW stole his property and defendants SWINT, PERRY, PARMER, and ANDERSON were notified of the problem and responded by failing to adequately investigate and satisfactorily resolve it[1].

In his November 11, 2012 response to the Court's Questionnaire, plaintiff further alleged he was placed in a holding cell without clothing or food on October 4th and 6th from 9:45 p.m. until 5:00 a.m. Further, he alleges other officers searched his cell on October 19, 2012 and tore it up.

By his November 16, 2012 Questionnaire Response, plaintiff states he was in High Security during the complained-of events and, after filing this lawsuit, he was transferred into the PAMIO[2] program on November 2, 2012, where he is currently housed.

As relief, plaintiff requests that the problem be corrected and future problems be ended, that his property be replaced, and that he receive help for mental and emotional problems.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[3], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support

---

[1] Plaintiff's Amended Complaint at page 3 of 5.

[2] PAMIO is an acronym for Program for the Aggressive Mentally Ill Offender.

[3] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

2

dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[4].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff has requested that the court "correct this problem" and stop future problems, that his property be replaced, and that he receive help for mental and emotional problems.

By his transfer into the PAMIO program after the filing of this lawsuit, it appears plaintiff's problems with the defendants have ceased. When asked whether he had suffered any harm other than the alleged loss of property, plaintiff complained he was now suffering harassment by an officer on the night shift of the PAMIO program. Plaintiff has not named that officer as a defendant and does not indicate he is presently exposed to ongoing acts or omissions by the defendants in this cause.

Moreover, as a patient in the PAMIO program, plaintiff is receiving mental health care. It appears he has received all the relief he has requested except for replacement of his property.

Plaintiff's claim is clear, the officer or officers "stole all of [his] personal property." This is an allegation that the defendant's actions were random and were not authorized by state law,

---

[4] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

regulations or procedures. Where a section 1983 plaintiff alleges he has been deprived of property without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized," a tort cause of action in state law is sufficient to satisfy the requirements of due process. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

As to a random, unauthorized deprivation, Texas provides an adequate post-deprivation remedy by way of a civil action in tort for conversion. *Murphy v. Collins,* 26 F.3d 541, 543-44 (holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy); *Thompson v. Steele,* 709 F.2d 381, 383 (5th Cir. 1983) (holding that a state action for damages is an adequate remedy), *cert. denied,* 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).

Thus, plaintiff's allegations fail to state a claim of constitutional dimension. Plaintiff's claim(s) that his property was stolen fail to state a claim on which relief can be granted.

To the extent plaintiff is suing defendants SWINT, PERRY, PARMER, and ANDERSON for failing to adequately investigate and satisfactorily resolve his complaints or grievances, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

Plaintiff's claims against defendants SWINT, PERRY, PARMER, and ANDERSON lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In addition, if plaintiff is suing defendants SWINT, PERRY, PARMER, and ANDERSON because of their supervisory positions, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by these officials and has alleged no fact showing any causal connection between their acts or omissions and the alleged constitutional violation. Consequently, plaintiff's allegations against these defendants fail to state a claim on which relief can be granted.

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed by DESMUND LAMAR COLEMAN pursuant to Title 42, United States Code, section 1983 be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND WITH PREJUDICE AS FRIVOLOUS.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of November, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).